IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANTHONY CAIRNS, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | Civil Action No. 4:22-cv-834-SDJ-KPJ |
| LAKEVIEW SHOPPING PLAZA, INC., | | |
| Defendant. | | |

### OPINION AND ORDER

Pending before the Court is Plaintiff Anthony Cairns's ("Plaintiff") Second Motion for Substituted Service (the "Second Motion") (Dkt. 6). Upon consideration, the Second Motion (Dkt. 6) is **GRANTED IN PART** and **DENIED IN PART**.

### I.   BACKGROUND

On September 29, 2022, Plaintiff filed this suit against Defendant Lakeview Shopping Plaza, Inc. ("Defendant") alleging violations of the Americans with Disabilities Act and the Americans with Disabilities Act Accessibility Guidelines. *See* Dkt. 1.

On December 15, 2022, Plaintiff filed a Motion for Substituted Service (the "First Motion") (Dkt. 4). In an affidavit (Dkt. 4-6) attached to the First Motion (Dkt. 4), Plaintiff's process server represented that he first attempted to serve Defendant's registered agent, Nasir Malik ("Mr.

1

Malik"),[1] at 6119 Cypresswood Drive, Spring, Texas 77379 (the "Property"),[2] which is located within a "private community electronically monitored by a gate." Dkt. 4-6 at 2. The process server represented that during Plaintiff's first attempt to serve Defendant at the Property, the process server was "buzzed in" by a woman who identified herself as the wife of Mr. Malik ("Ms. Malik") and informed by Ms. Malik that Mr. Malik was not at home and that she did not know when he would return. *Id*. The process server represented that he left his contact information with Ms. Malik and asked her to have Mr. Malik call him. *See id.* Plaintiff's process server represented that prior to the filing of the First Motion (Dkt. 4), he made four additional attempts to serve Defendant at the Property. *See* Dkt. 4-6 at 2. On January 10, 2023, the Court granted in part the First Motion (Dkt. 4), permitting Plaintiff to serve Defendant by leaving the Summons with a copy of the Complaint and the Order attached with anyone sixteen years of age or older at the Property. *See* Dkt. 5 (the "January 10 Order").

Plaintiff represents that following the January 10 Order (Dkt. 5), Plaintiff's process server made six attempts to serve Defendant at the Property, all of which were unsuccessful. *See* Dkt. 6

---

[1] A corporation may be served by delivering a copy of the summons and the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1)(B). Under Texas law, a "registered agent" is "an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity." Tex. Bus. Orgs. Code Ann. § 5.201(b)(1). Attached to the Second Motion (Dkt. 6) is a Franchise Tax Account Status page for Lakeview Shopping Plaza, Inc., created by the Officer of the Comptroller of Texas and updated as of 12/11/2022, which lists "Nasir Malik" as the "Registered Agent Name." *See* Dkt. 6-2.

[2] In the First Motion (Dkt. 4), Plaintiff indicated that according to Franchise Tax Account Status page created by the Office of the Comptroller of the State of Texas, the mailing address listed for Mr. Malik was 6630 Shell Flower Lane, Dallas, TX 75252, and that upon attempting to serve Mr. Malik at this address, the apparent owner of the property stated that she had resided at that address for seventeen years and that neither Mr. Malik nor Defendant has been associated with that address since Mr. Malik sold the property to her seventeen years ago. *See* Dkt. 4 at 2–3; Dkt. 4-2 (copy of the Franchise Tax Account Status page for Lakeview Shopping Plaza, Inc., updated as of 12/11/2022, which lists 6630 Shell Flower Lane, Dallas, TX 75252 as the "Registered Office Street Address"). Defendant represented that according to a Tax Assessor Office Property Tax Statement, the property located at 6119 Cypresswood Drive, Spring, TX 77379 is Mr. Malik's residential homestead. *See* Dkt. 4 at 3; Dkt. 4-5 (copy of a 2022 Property Tax Statement for 6119 Cypresswood Drive, Spring, TX 77379, showing Nasir Malik as the owner).

2

at 3. More specifically, Plaintiff's process server represents that for all service attempts at the Property subsequent to the first overall attempt (i.e., the attempt during which the process server spoke with Ms. Malik), the process server received no response after using the call box associated with the Property[3] to contact the Property's inhabitants, and that on some of the service attempts, the process server waited thirty minutes for someone to arrive or depart from the Property. *See* Dkts. 4-4, 6-3. Additionally, the process server represents that he has attached to the call box notes requesting Mr. Malik contact him; however, Mr. Malik has not contacted him. *See id.* Further, Plaintiff attempted to serve Defendant by mailing to the Property via certified mail the Summons and a copy of the Complaint; however, the mailing was returned and marked "Refused." *See* Dkts. 6-4, 6-5.

## II.   LEGAL ANALYSIS

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[3] The process server refers to a "call box near [Mr. Malik's] name." Dkt. 6-3.

Fed. R. Civ. P. 4(e). Texas law provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
>> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>>
>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>>
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106.

"Because of its greater reliability, Texas law prefers personal service over substitute service." *Taylor v. State*, 293 S.W.3d 913, 915 (Tex. App.—Austin 2009, no pet.) (internal quotations omitted). However, as contemplated by Rule 106(b), "[f]or reasons of practicality . . . Texas allows substituted service, but only after personal service fails." *Id.* (citing *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993) (per curiam)). Further, "Texas courts have consistently held that substituted service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise does not meet the requirements of Texas Rule of Civil Procedure 106(b)." *Dugas v. Vardell*, No. 01-21-00142-CV, 2022 WL 3093036, at *5 (Tex. App.—Houston [1st Dist.] Aug. 4, 2022, no pet.) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). As such, "[t]he affidavit must state: '(1) the location of the

defendant's usual place of business or usual place of abode or other place where he can probably be found and (2) the specific facts showing that service had been attempted without success under either subsection of Rule 106(a) at the location mentioned in the affidavit.'" *McKenzie v. Star Shuttle, Inc.*, No. 5:19-CV-749-JKP, 2019 WL 4482737, at *2 (W.D. Tex. Sept. 18, 2019) (quoting *In re J.M.I.*, 223 S.W.3d 742, 744 (Tex. App.—Amarillo 2007, no pet.)).

Plaintiff requests the Court enter an Order allowing Plaintiff to serve Defendant in the following ways:

> (1) leaving the Summons with a copy of the Complaint and Order attached with anyone sixteen (16) years of age or older at the Property; or
>
> (2) leaving the Summons with a copy of the Complaint and Order on the call box associated with the Property; or
>
> (3) mailing the Summons with a copy of the Complaint via certified mail/return receipt requested to the Property; or
>
> (4) deeming Defendant as served based upon the successful delivery of the Complaint and Summons via certified U.S. Mail, Return Receipt Requested receipt of the November 8, 2022 letter and attachments (Dkt. 6-6).

Dkt. 6 at 6.

The Court finds Plaintiff's attempts to personally serve Defendant and to serve Defendant via certified mail satisfy Rule 106(a)(1). *See* Dkts. 6-3, 6-4, 6-5. The Court further finds Plaintiff's process server's affidavits (Dkts. 4-4, 6-3), which state the Property's address and detail the process server's numerous service attempts at the Property,[4] satisfy Rule 106(b). Accordingly, substituted service is warranted here.

---

[4] The Court notes, however, that Rule 106(b) does not itself require multiple failed attempts at service before substitute service can be authorized. *See Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022).

The Court previously granted Request (1): leaving the documents attached with anyone sixteen (16) years of age or older at the Property, which is authorized by TEX. R. CIV. P. 106(b)(1). *See* Dkt. 5. Request (3): mailing the documents via certified mail/return receipt requested to the Property, does not require the Court's permission. *See* TEX. R. CIV. P. 106(a)(2).

For the reasons set forth below, the Court denies Request (2): leaving the Summons with a copy of the Complaint and Order on the call box associated with the Property. Where personal service has been unsuccessful, a typical course is to post the summons and copy of the complaint to the front door or gate of the property itself, *see, e.g.*, *QTI Serv. Corp. v. Valdez*, No. 4:20-CV-00072, 2020 WL 820142, at *3 (E.D. Tex. Feb. 19, 2020); *Evergreen Nat'l Indem. Co. v. Herndon*, No. 3:07-CV-0184-B, 2007 WL 2827978, at *1 (N.D. Tex. 2007), as it is readily apparent the occupant of the property will see the posted summons and copy of the complaint. However, it is less apparent that a property owner will have notice of the suit where the documents are posted, not on the door or gate of the property itself, but somewhere else in the residential community. The process server represents his belief that, given his several unsuccessful attempts to effect service on the Property itself, "the only possibility of service is to tape the above-mentioned documents to the call box near [Mr. Malik's] name, since there are only five, very large homes, in this private community and every homeowner must come in or out this way." Dkt. 6-3 at 2. However, without more evidence as to the layout of the community and the call boxes, the Court is unable to independently assess whether posting the documents on the call box is "reasonably effective to give [] [D]efendant notice of the suit." Rule 106(b)(2). Accordingly, Request (2) is denied.

Further, the Court denies Request (4): deeming Defendant as served based upon the delivery of the documents via certified U.S. Mail, Return Receipt Requested receipt of the

November 8, 2022 letter and attachments. This request refers to the mailing of the Summons and Complaint to 6630 Shell Flower Lane, Dallas, TX 75252. *See* Dkt. 6-6. "[A] diligent plaintiff may rely upon the registered address a corporation has placed on file with the Secretary of State, even when the plaintiff knows that the address is no longer correct." *Wright Bros. Energy, Inc. v. Krough*, 67 S.W.3d 271, 274 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citation omitted). However, to the extent an address is one that has been placed on file with the Secretary of State, attempted service on that address does not constitute valid service. Rather, once service is unsuccessful, the Secretary of State becomes an agent of the entity for purposes of service of process. *See* Tex. Bus. Orgs. Code Ann. § 5.251 (West 2021). Further, to the extent Plaintiff argues this service was successful on Mr. Malik himself, the Court finds such an argument unpersuasive. It appears this delivery was "successful," as there is a signature on the receipt. *See* Dkt. 6-6. However, the signature is illegible, and moreover, as Plaintiff himself represents, it appears that neither Mr. Malik nor Defendant has been associated with the 6630 Shell Flower Lane address since Mr. Malik sold the property seventeen years ago. *See* Note 2 *supra*. Accordingly, Request (4) is denied.

Finally, "if a defendant is not served within [ninety] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). More than ninety days have passed since Plaintiff filed the complaint (Dkt. 1). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Here, given Plaintiff's diligence in attempting service upon Defendant, Plaintiff has shown there is good cause for his failure to serve Defendant within ninety

7

days of the filing of the complaint. Accordingly, the Court will extend the time to effectuate service for an appropriate period.

For the foregoing reasons, the Second Motion (Dkt. 6) is **GRANTED IN PART** and **DENIED IN PART**. The Second Motion (Dkt. 6) is **GRANTED** to the extent Plaintiff seeks to serve Defendant by leaving the Summons with a copy of the Complaint and this Order attached with anyone sixteen (16) years of age or older at 6119 Cypresswood Drive, Spring, TX 77379 or mailing the Summons and copy of the Complaint via certified mail/return receipt requested to 6119 Cypresswood Drive, Spring, TX 77379, and **DENIED WITHOUT PREJUDICE** to the extent Plaintiff seeks to serve Defendant by leaving the Summons with a copy of the Complaint and Order on the call box associated with 6119 Cypresswood Drive, Spring, TX 77379, or by deeming Defendant as served based upon the delivery of the Complaint and Summons via certified U.S. Mail, Return Receipt Requested receipt of the November 8, 2022 letter and attachments (Dkt. 6-6).

**IT IS ORDERED** that Plaintiff shall have until **July 20, 2023** to serve Defendant in accordance with the above and file proof of such service before the Court.

**IT IS FURTHER ORDERED** that the foregoing service methods shall not be considered exclusive and that service of a copy of the Summons and Complaint may be executed by other means authorized by Rule 4 of the Federal Rules of Civil Procedure.

**So ORDERED and SIGNED this 25th day of May, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE